IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Roger Syndell Legette, *a/k/a Roger Syntell Legette*, <br><br> Plaintiff, <br><br> v. <br><br> Alan Wilson, South Carolina Attorney General, <br><br> Defendant. | C/A No.: 6:17-cv-2933-JFA <br><br><br> **ORDER** |

## I. INTRODUCTION

The *pro se* Plaintiff, Roger S. Legette ("Legette" or "Plaintiff"), is an inmate at the Evans Correctional Institution in Bennettsville, SC. He brings this action under 42 U.S.C. § 1983, contending Defendant violated his constitutional rights. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915.[1]

After reviewing the pleadings, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opined that this case

---

[1] Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 7). Thus, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint (ECF No. 1) if, after being liberally construed, it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a *de*

1

should be dismissed without prejudice. (ECF No. 9 p. 6). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on November 14, 2017. (ECF No. 9). Plaintiff filed his objections to the Report on November 29, 2017. (ECF No. 12). Thus, this matter is ripe for review.

## II. DISCUSSION

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff's objection to the Report is nothing more than a diatribe, which lacks any coherent legal arguments. He has made various vague and incoherent statements that fail

---

*novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

to respond to the Report or specifically reference any findings of fact or conclusions of law. *See* (ECF No. 12).

For example, Plaintiff objects to "the section titled 'Background' at page 1 of the Report." (ECF No. 12 p. 2). Thereafter, Plaintiff asserts that the Magistrate does not have the authority to issue recommendations, and he goes on to quote large sections of 42 U.S.C. § 1983. *See id.* Additionally, Plaintiff objects to the Attorney General's absolute immunity. (ECF No. 12 p. 3). He states that the Report's position on absolute immunity, which is the law of South Carolina and this Court, "doesn't fly." (ECF No. 12 p. 3). Plaintiff goes on to quote large sections of 42 U.S.C. §§ 1983 and 1985. Finally, on page five (5) of the Plaintiff's objections (ECF No. 12 p. 5), Plaintiff states, "with respect to the remaining points raised in the Report of the Magistrate I object *in general*." (ECF No. 12 p. 5) (emphasis added).

Plaintiff has not made any specific objections to the report. *See* (ECF No. 12). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### III. CONCLUSION

Therefore, after carefully reviewing the applicable laws, the record in this case, the Report (ECF No. 9), and the objections thereto (ECF No. 12), this Court finds the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. Accordingly,

this Court adopts the Magistrate Judge's Report and Recommendation. (ECF No. 9). Thus, this action is dismissed without prejudice.

    IT IS SO ORDERED.

January 23, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge